UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>TERRENCE MACK CARTER,<br><br>         Defendant. | Case No.: 3:14-CR-1287-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

Pending before the Court is Defendant Terrence Carter's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On February 23, 2015, Defendant pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B)(viii), and 846. (ECF No. 197.) He was sentenced to 151 months in prison to be followed by 8 years of supervised release on November 5, 2015. (ECF No. 247.) On April 28, 2020, Defendant filed a motion for compassionate release. (ECF No. 328.) This Court denied that motion without prejudice on May 20, 2020, for failure to exhaust administrative remedies. (ECF No. 332.)

Defendant has now exhausted his administrative remedies and moves again for compassionate release. (ECF No. 337.) The United States filed an opposition to the motion, (ECF No. 399), and Defendant filed a reply. (ECF No. 340.) The matter is fully briefed and submitted.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting the BOP process.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and that the reduction complies with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

A defendant can only seek compassionate relief from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As noted, Defendant's initial motion for compassionate release was denied for failure to meet this requirement. (ECF No. 332.) After that denial, Defendant filed a request for compassionate release to BOP. (ECF No. 337 at 10.) BOP denied that request on June 3, 2020. (*Id.* at 13.) The United States does not dispute that Defendant

has exhausted his administrative remedies. (ECF No. 339 at 6.) Accordingly, the Court may address this motion on its merits.

### 1. Extraordinary and Compelling Reasons

Defendant argues that his various medical conditions, demographic characteristics, and family circumstances constitute "extraordinary and compelling reasons" entitling him to early release under the FSA. (ECF No. 337.) In support of his motion, Defendant argues that he suffers from obesity and hypertension, and that his body contains defective mesh from a hernia surgery. (*Id.* at 6.) He claims that these medical issues put him at a higher risk of experiencing serious illness and related adverse outcomes from COVID-19. (*Id.*) He further argues that as an African American he is at greater risk of infection and death from COVID-19 compared to the general population. (*Id.* at 6, 8; ECF No. 340 at 5.) Finally, Defendant requests relief based on his need to care for his family after his father undergoes a forthcoming hip surgery. (ECF No. 337 at 6–7.)

Defendant's motion relies on an out-of-circuit decision, *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), for the proposition that district courts, in their discretion, may determine what constitutes "extraordinary and compelling reasons" for compassionate release because the criteria set out in the United States Sentencing Commission *Guidelines Manual*, § 1B1.13, are not binding. (ECF No. 337 at 4–5.) The Government argues the Court lacks such discretion and is bound by the guidelines. (ECF No. 338 at 6–15.) However, *Brooker* is not binding on this Court, and the Ninth Circuit has yet to address the issue. Nonetheless, the Court need not determine whether "extraordinary and compelling reasons" exist because the requested sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

### 2. § 3553 Factors

In determining whether to grant compassionate release, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness

of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(A)–(D). The Court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6).

On balance, the § 3553(a) factors weigh against release. First, the crime at issue was serious. Defendant's conviction arises out of his involvement in a conspiracy to distribute methamphetamine, where Defendant ordered two units of methamphetamine for further distribution and admitted to disposing of 13.3 grams of methamphetamine while fleeing from police. (*See* ECF No. 197.) Second, Defendant is a repeat drug trafficker. In 2005, Defendant was convicted of a purchasing cocaine base for sale, (ECF No. 221 at 11), and convicted of the same offense one year later in 2006. (*Id.* at 12.) The length of Defendant's sentence, therefore, serves to punish Defendant for the offense committed, deter future criminal conduct and protect society. Third, Defendant's criminal history is not limited to drug offenses: he suffered true findings as a juvenile for robbery and assault with a deadly weapon likely to cause great bodily injury in 2002 when he was 17 years old, and thereafter was convicted of residential burglary in 2010. (*Id.* at 11–12.) This criminal history reveals a disregard for the law and endangerment to public safety, particularly the history relating to crimes of violence. Fourth, while Defendant is to be commended for his absence of a disciplinary record and participation in many rehabilitative and educational programs while in custody, (*see* ECF No. 328), these mitigating factors do not outweigh the aggravating factors above. The Court also considers the need to avoid unwarranted sentence disparities. Defendant argues his sentence is disproportionate to the sentences received by others for the type of crime he committed, but this argument overlooks Defendant's career offender status and history of recidivism. Defendant was sentenced well below the low end of the

guideline range (262 months) and the recommendation of the probation department (168 months).  (*Id.* at 20; ECF No. 247).  The sentence imposed, 151 months, remains the right, just and fair sentence, sufficient but not greater than necessary to meet the goals of the § 3553(a) sentencing factors.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated:  February 8, 2021

Hon. Dana M. Sabraw
United States Chief District Judge